UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RAYMOND SMITHERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-00009-SEB-DML |
| ) | |
| TOWN OF CLARKSVILLE, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS**

This litigation commenced on January 9, 2020, with the filing of a Complaint by Plaintiff Raymond Smithers ("Smithers"). Thereafter, on June 16, 2020, Smithers filed an amended complaint (Dkt. 29) alleging that he had suffered two constitutional deprivations under the Fourth and Fourteenth Amendments at the hands of defendants: **Count I,** a 42 U.S.C. § 1983 claim, seeks a recovery for the alleged use of excessive force in connection with his arrest by Defendant police officers Ryan Roederer ("Roederer"), Jason Tacett ("Tacett"), Drew Abell ("Abell"), Tim Beyerle ("Beyerle"), Brittany Allen ("Allen"), and Joel Sellers ("Sellers"), each of whom is sued in his individual capacity; and **Count 2**, also a § 1983 claim but against the Town of Clarksville, is based on its alleged deliberate indifference through a failure to train and supervise its police officers on the constitutionally permissible uses of force in effecting an arrest.

1

On August 7, 2020, Defendants filed their joint Renewed Motion for Judgment on the Pleadings (Dkt. 31) challenging the legal sufficiency of both counts in the complaint. Plaintiff responded on August 20, 2020 (Dkt. 36), and Defendants replied on August 27, 2020 (Dkt. 38).  The Defendants' motion is now ripe for decision by the court.

**Factual Background**

On January 14, 2018, Police Officer Roederer, who was on duty as a member of the Clarksville (Indiana) police force and on patrol in his police car, initiated a traffic stop on Plaintiff Smithers for the purpose of conducting a registration check on Smithers's car license plates.  Officer Roederer activated his emergency lights and approached Smithers's car from the rear.  Rather than stop his car as directed by Officer Roederer, Smithers sped away from the scene, leading the police on a high speed chase that was joined in by additional Clarksville police officers and eventually came to an end in Louisville, Kentucky, when Smithers lost control of his car, crashed into a garage-type structure and attempted to flee on foot.[1]  What ensued between Smithers and the police officers when they took him into custody and placed him under arrest was, according to

---

[1] Ordinarily, the Court, in ruling on a motion directed to the sufficiency of the pleadings, accepts as true the facts laid out in the complaint, interpreting them in the context of a motion to dismiss in a light most favorable to the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Those allegations will be deemed sufficient to withstand a motion to dismiss, if they support Plaintiff's claim for relief based on any plausible interpretation of them.  Here, however, Plaintiff's factual averments omitted any mention of what turns out to be a key fact, namely, that the encounter between himself and the police officers in connection with his arrest occurred not in Indiana, but in Kentucky.  This factual detail was supplied by Defendants in their briefing of the pending motion to dismiss.  While not included by Plaintiff in his factual recitation, it is apparently a fact not in dispute.  Since it turns out to be an outcome determinative fact in our analysis because of its relevance to the statute of limitations defense raised by Defendants, we shall include it and treat it as true as well.

Plaintiff's description in his complaint, marked by severe, unprovoked violence, including beatings and kicking by the police, the unnecessary and prolonged use of a taser fired at him, and the wanton infliction of significant physical injuries. This encounter was, according to Plaintiff, so excessive as to contravene his constitutional rights under the Fourth and Fourteenth Amendments.

The facts underlying Smithers's constitutional claim against the Town of Clarksville (Count Two) are less clear, which we discuss in detail *supra*.

## Legal Analysis

### I.   Applicable Legal Standard

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings on grounds that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "When assessing the facial plausibility of a claim, we draw all reasonable inferences and facts in favor of the non-movant, but need not accept as true any legal assertions." *Id.* (internal quotation omitted).

## II. Discussion

### A. Excessive Force Claim

The encounter between the Town of Clarksville police officers and Smithers which resulted in these allegedly constitutional violations occurred within the Commonwealth of Kentucky on January 14, 2018. There is no dispute that that was the location and date on which the cause of action accrued. However, this lawsuit was commenced by the filing of the Complaint not in Kentucky, but in our southern judicial district of Indiana on January 9, 2020, just five days prior to the two-year anniversary of the events for which Smithers seeks to recover on his § 1983 claims.

By firmly established precedent, claims brought under 42 U.S.C. § 1983 are considered personal injury claims and are governed by the personal injury statute of limitations in the state where the alleged injury occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009) (a one-year statute of limitations applies in Kentucky); *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406, F.3d 926 (7th Cir. 2005)); *Cox v. Lesousky, Jr.*, No. 1:20-CV-00633-JPH-MJD, 2020 WL 1876113 (S.D.Ind. Apr. 15, 2020).

Indiana law imposes a two-year statute of limitations on personal injury cases. IND. CODE § 34-11-2-4. Kentucky law imposes a one-year statute of limitations on personal injury cases. KRS 413.140(1)(a). Smithers asserts in an apparent effort to get around this statute of limitations bar that "Indiana applies their [sic] own statute of limitations for personal injuries actions which occurred in a different state." Plt.'s Resp.

4

at 3. This argument relies on an erroneous reading of the Indiana Court of Appeals decision in *Horvath v. Davidson*, 264 N.E. 2d 328 (Ind. Ct. App 1970). Section 1983 claims under Indiana law fall within the *lex loci* conflicts rule of interpretation. Thus, the Indiana rule dictates that the applicable statute of limitations for personal injury actions is determined according to the state law where the alleged injury occurred. In the case at bar, that means the laws of Kentucky.

Hence, given that Smithers's § 1983 claim arose in Kentucky and accrued at the time of his arrest, to wit, on January 14, 2018, for his complaint to survive, it had to be filed on or before January 14, 2019. Not until nearly a year later, on January 9, 2020, was the complaint filed. That delay makes it untimely and subject to dismissal. Defendants' motion, well taken as it is, shall be granted.

### B. *Monell* Claim

The *Monell* claim against the Town of Clarkesville is also time-barred and thus warrants dismissal for the same reasons as does the excessive force claim. But dismissal is warranted for the additional reason that the crafting of Plaintiff's second claim falls well short of satisfying the pleading requirements for a cognizable *Monell* claim.

Under the well-established holdings of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established pleading requirements for § 1983 claims brought against municipalities and other governmental units. These standards, applied here, require Smithers to plead facts which would allow this court to reasonably infer (1) that the Town of Clarksville had a practice

of failing to train and discipline officers in regards to excessive force, (2) that the Town of Clarksville's policymakers were deliberately indifferent to officers' use of excessive force, and (3) that the practice itself caused Smithers's injury. *See Hall v. City of Chicago*, 953 F.3d 945, 950 (7th Cir. 2020); *Borondy v. City of Indianapolis*, 1:20-cv-02158-JMS-TAB, 2021 WL 308165, at *3 (S.D. Ind. Jan. 29, 2021).

Here, Defendants have correctly characterized Plaintiff's claim against the Town as an allegation that the Town has a "long-standing, department wide custom" of failing to properly train the defendant-officers. Defs.' Reply at 5. However, in support of his claim, Smithers alleges only that "there is no evidence that Defendant Clarksville provided any training on excessive use of force to any of its officers following the subject arrest. Citing the opinion from the Seventh Circuit in *Thomas v. Cook Cty Sheriff's Dep't*, 604 F. 3d 293, 303 (7th Cir. 2010), Defendants also correctly note that this allegation does not sufficiently aver a harmful practice to have existed and the deliberate indifference by the Town's policymakers to the known of obvious consequences of that harmful practice. A lack of evidence, as Defendants aptly argue, is insufficient. In addition, based on what is alleged, it is impossible to determine whether the referenced custom or policy was widespread; this is true despite Plaintiff's references to three allegedly similar situations, since we cannot discern whether they actually are similar in light of the facial deficiencies noted by Defendants. *See Bridges v. Dart*, 950 F.3d 476, 479 (7th Cir. 2020) ("We have not adopted a bright-line rule defining 'widespread custom or practice,' but there must be some evidence demonstrating that there is a policy at issue rather than a random event or even a short series of random events.").

Plaintiff's remaining allegations in support of his *Monell* claim consist primarily of generalized legal phrases and broadly stated theories of relief untethered to any specific factual allegations. The only factual allegations, such as they are, are set out in Paragraphs 79–81 of the amended complaint, where Plaintiff avers that Clarksville had established policies, procedures, customs and/or practices that reflect the deliberate indifference to the constitutional rights of citizens and created and tolerated an atmosphere of lawlessness, including a failure to properly train or supervise officers that also evidenced the deliberate indifference to the constitutional rights of Plaintiff and the public. These threadbare legal conclusions unsupported by anything more than purely conclusory statements are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678.

Finally, to the extent Smithers seeks to hold any particular police official liable under *Monell* for an unconstitutional policy or practice as opposed to the Town itself, the accused supervisor must be shown to have known about the conduct and facilitated it, approved it, condoned it, or turned a blind eye to it for the fear of what they might see. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). The complaint is devoid of any such allegations.

For these additional reasons, Plaintiff's *Monell* claim must be dismissed.

### III. Conclusion

Defendant's Renewed Motion for Judgment on the Pleadings [Dkt. 31] is GRANTED as to both claims in Plaintiff's Amended Complaint and dismissal with prejudice is accordingly ordered.

IT IS SO ORDERED.

Date: 2/8/2021

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Gaelen Atcheson Schumann
GROVER COX LAW OFFICE
Gaelen@grovercoxlaw.com